SOL:SMG
(13)00657

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
THOMAS E. PEREZ, Secretary of Labor,  :
United States Department of Labor,
                                      :   Civil Action File
                      Plaintiff,
                                      :   No.
      v.
                                      :
AMERINDO INVESTMENT ADVISORS, INC.
EMPLOYEE SAVINGS PLAN,                :

                      Defendant.      :
-----------------------------------------------------------------

## COMPLAINT

Plaintiff, Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), to the best of his knowledge, information and belief alleges:

1.  This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and is brought by the Secretary against the Amerindo Investment Advisors, Inc. Employee Savings Plan (the "Plan") to enjoin practices in violation of Title 1 of ERISA and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

### JURISDICTION AND PARTIES

2.  The Plan is an employee pension benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3) and is covered by ERISA, pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a). The Plan was sponsored by Amerindo Investment Advisors, Inc. (the "Company"). The Plan's last known address was 399 Park Avenue, Floor 22, New York, NY 10022.

3. Jurisdiction over this action is conferred upon the Court by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4. Venue for this action lies in the Southern District of New York pursuant to ERISA § 502(e)(2), 29 U.S.C. §1132(e)(2), because the Plan was administered in New York, New York, within the Southern District of New York.

5. The Secretary has the authority to bring this action pursuant to ERISA § 502(a)(5), 29 U.S.C. § 1132(a)(5).

## FACTUAL ALLEGATIONS

6. The Plan was established on or about May 1, 1997 by the Company.

7. Alberto Vilar ("Vilar") was the sole trustee of the Plan and co-founder of the Company at all times relevant to this action.

8. Vilar was a fiduciary of the Plan, pursuant to ERISA § 3(21), 29 U.S.C. § 1002(21).

9. At all times relevant, Vilar was the only fiduciary to the Plan with responsibilities for its administration, distribution of assets, and day-to-day management.

10. In June 2005 the Security and Exchange Commission filed charges alleging that in approximately June 2002, Amerindo Investment Advisors, Inc., Vilar misappropriated at least $5 million from an Amerindo client.

11. In 2008, Vilar was convicted on twelve counts: (1) conspiracy to commit securities fraud, investment adviser fraud, mail fraud, wire fraud, and money laundering, in violation of 18 U.S.C. § 371 (Count One); (2) securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff and 17 C.F.R. § 240.10b-5 (Counts Two and Three); (3) investment adviser fraud, in violation of 15 U.S.C. §§ 80b-6 and 80b-7 (Count Four); (4) mail fraud, in violation of 18 U.S.C.

§ 1341 (Count Five); (5) wire fraud, in violation of 18 U.S.C. § 1343 (Counts Six and Seven); (6) money laundering, in violation of 18 U.S.C. § 1957 (Counts Eight through Eleven); and (7) the making of false statements to the SEC, in violation of 18 U.S.C. § 1001(a) (Count Twelve).

12. Vilar appealed his conviction.

13. Due to his criminal conviction, Vilar is prohibited from serving as an administrator, officer or fiduciary of any employee benefit plan pursuant to ERISA § 411, 29 U.S.C. § 1111.

14. Pursuant to 29 U.S.C. § 1111(c)(1), a person shall be deemed to have been "convicted" and under the disability of "conviction" from the date of the judgment of the trial court, regardless of whether that judgment remains under appeal.

15. Vilar stopped performing his fiduciary duties on or about the year 2005 when the Company ceased operations and did not ensure the appointment of a new fiduciary to manage the Plan or oversee the distribution of the Plan's assets. No individuals or entities have come forward to assume fiduciary responsibility for the Plan or to distribute its assets to twenty-six Plan participants, and there is no fiduciary actively functioning on behalf of the Plan.

16. The Plan has not been formally terminated.

17. On information and belief, Fidelity Brokerage Services Management Trust Company ("Fidelity"), located at 82 Devonshire Street N10A, Boston, MA 02109-3614, is and has been the custodian of Plan assets at all times relevant to this action. As of February 28, 2013, Fidelity held $308,438.98 in the Plan's assets.

18. The Plan's Third Party Administrator is Sentinel Benefits & Financial Group located at 55 Walkers Brook Drive, Suite 100, Reading, MA 01867.

19.     Without a duly appointed Trustee or other fiduciary of the Plan to instruct an asset custodian to distribute the Plan's assets, the Plan's participants are unable to obtain distributions of funds from the Plan.

## VIOLATIONS

20.     By the conduct and circumstances described in paragraphs 6-19, the Plan exists without a named fiduciary and without its assets being held in trust by a trustee in violation of ERISA §§ 402 and 403, 29 U.S.C. §§ 1102 and 1103.

## PRAYER FOR RELIEF

**WHEREFORE**, the Secretary requests that this Court enter an Order:

A.  Appointing an independent trustee and fiduciary to administer the Plan and distribute the Plan's assets to its participants and beneficiaries; and

B.  Ordering such further relief as is appropriate and just.

DATED:   March 6, 2014
         New York, NY

Respectfully submitted,

_____
M. PATRICIA SMITH
Solicitor of Labor

_____
JEFFREY S. ROGOFF
Acting Regional Solicitor

_____
STACY GOLDBERG
Attorney

U.S. Department of Labor
Attorneys THOMAS E. PEREZ
Secretary of Labor, Plaintiff

U.S. Department of Labor
Office of the Regional Solicitor
201 Varick Street, Room 983
New York, NY 10014
(646) 264-3650
Goldberg.Stacy@dol.gov
NY-SOL-ECF@dol.gov